IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Warren Gibson, | NO. C 06-04220 JW |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE** |
| v. | |
| Greg LeMond, et al., | |
| Defendants. | |

## I. INTRODUCTION

Warren Gibson ("Gibson" or "Plaintiff") filed this suit against Greg LeMond ("LeMond") and LeMond Cycling, Inc. (collectively "Defendants") seeking to compel arbitration or damages for breach of contract. Plaintiff initially brought this action in the Santa Clara County Superior Court of California, and Defendants removed to the Northern District of California. Presently before the Court is Defendants' Motion to Transfer Venue. (hereafter "Motion," Docket Item No. 7.) The Court found the motion appropriate for submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendants' Motion.

## II. BACKGROUND

Plaintiff alleges the following:

> In approximately 1983, Gibson began to negotiate personal endorsement and appearances contracts on behalf of LeMond. (Notice of Removal, Ex. A: Complaint, hereafter "Complaint," Docket Item No. 1, ¶ 7.) Gibson also was involved in securing

1   license agreements and finding business opportunities for LeMond. (Complaint ¶ 7.) From
2   1983 until 1999, pursuant to an oral agreement, Gibson was paid a commission of 15% of the
3   gross receipts for contracts and business opportunities secured on LeMond's behalf.
4   (Complaint ¶ 7.)
5        On approximately July 10, 1999, in Los Gatos, California, Gibson and LeMond
6   formalized their prior oral agreement in writing. (Complaint ¶ 8-9.) The written agreement
7   included the same payment terms as the prior oral agreement. (Complaint ¶ 8-9.) The
8   written agreement also contained an arbitration clause. (Complaint ¶ 9.)
9        In 1999, Gibson negotiated a contract on behalf of LeMond with Protective
10  Technologies, Inc. ("PTI"). (Complaint ¶ 10.) The PTI contract was to commence on
11  February 1, 2000 and last for an initial term of ten years, to be followed by two five-year
12  renewal options. (Complaint ¶ 11.) Per the agreement between Gibson and LeMond, Gibson
13  received 15% of the amounts received by LeMond from the PTI contract. (Complaint ¶
14  12,13.) In 2002, PTI breached the contract; LeMond successfully sued PTI for the breach
15  and was awarded damages in February 2005. (Complaint ¶ 12,13.) Gibson was paid the
16  15% commission by LeMond until January 2005; Gibson, however, contends he did not
17  received any additional compensation resulting from LeMond's successful litigation of the
18  PTI contract. (Complaint ¶ 12,13.)
19       In August 2002, Gibson negotiated a sublicense and personal services agreement on
20  behalf of Defendants. (Complaint ¶ 14.) Under this agreement, LeMond was compensated
21  by royalties paid every three months. (Complaint ¶ 15.) Gibson received 15% commission
22  on these royalties from 2002 through March 2004. In March 2004, LeMond began accruing
23  rather than receiving royalties. LeMond compensated Gibson at a flat rate of $3,000 per
24  month. Gibson was actually owed compensation of $9,000 per month. (Complaint ¶ 16.)
25  On June 7, 2006, Gibson filed this action in the Santa Clara County Superior Court of
26  California seeking to compel arbitration or, the alternative, damages for breach of contract. On July

1    7, 2006, Defendants removed this case to the Northern District of California.  Defendants now move
2    the Court to transfer the matter to the District of Minnesota.

### III. DISCUSSION

A district court may transfer a case pending before it to "any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Plaintiff's choice of forum, however, is accorded substantial weight, and a court will not grant a motion under § 1404(a) unless the defendant makes a strong showing of inconvenience.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

The decision whether to grant a motion under § 1404(a) turns on the facts of the particular case.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  Factors to be weighed in deciding such a motion include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contact relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state.  Id. at 498-99.

In this case, Plaintiff's choice of forum carries significant weight.  Not only is Plaintiff a California resident, but the main agreement underlying Plaintiff's claim–the one between Plaintiff and LeMond–was negotiated and executed in Los Gatos, California.  Additionally, Defendants had contact with this district when they negotiated the contract or otherwise dealt with Plaintiff.

Defendants contend that the Northern District of California is an inconvenient forum because all of their witnesses are in Minnesota.  (Motion at 1.)  Defendants identify a total of four witnesses in Minnesota, but only two of these witnesses purport to testify about the agreement between

3

1 Plaintiff and LeMond.[1]  (See Motion at 10.)  Significantly, Defendants do not contend that any of
2 these individuals are unwilling, non-party witnesses who would need to be subject to the Court's
3 subpoena power in order to ensure their attendance at trial.
4       Overall, the inconveniences articulated by Defendants do not outweigh Plaintiff's interest in
5 litigating this action in the Northern District of California.  Plaintiff's case has significant
6 connections to this forum and, as such, it should not be transferred.

### IV.  CONCLUSION

8       The Court DENIES Defendants' Motion to Transfer Venue to the District of Minnesota.
9 The Court set an Initial Case Management Conference on **December 18, 2006 at 10 AM.**  Pursuant
10 to the Civil Local Rules of the Court, the parties shall file a joint case management statement no
11 later than ten (10) days before the date of the conference.

13 Dated:  November 27, 2006

JAMES WARE
United States District Judge

---

[1] The other two witnesses identified will purportedly testify about an agreement Plaintiff procured on behalf of LeMond and the litigation involving the contract with PTI. (See Motion at 10.)

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Denise Suzanne Rahne dsrahne@rkmc.com
M. Jean Starcevich jstarcevich@pacbell.net
Michael A. Geibelson mageibelson@rkmc.com
Robert Myles Tobin sjhlaw@aol.com

**Dated: November 27, 2006**  **Richard W. Wieking, Clerk**

                              **By:  /s/ JW Chambers**
                                     **Elizabeth Garcia**
                                     **Courtroom Deputy**